UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KALLENTINO D. WILLIAMSON, SR., )
 )
    Plaintiff, ) Civil Action No. 3:18-CV-529-CHB
 )
v. )
 ) **MEMORANDUM OPINION**
MARK BOLTON *et al.*, )
 )
    Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Kallentino D. Williamson, Sr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action upon screening.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues the following Defendants: Mark Bolton, the Director of LMDC; Correct Care Solutions; "John Doe Physician," a physician at LMDC; "Jane Doe Nurse," a nurse at LMDC; and LMDC Corrections Officers Stallard and Barrera. He sues Defendants Bolton and Stallard in their official capacities only and sues Defendants John and Jane Doe and Barrera in both their individual and official capacities.

Plaintiff states that when he arrived at LMDC on June 10, 2018, he was placed in a dorm with no mattress and had to sleep on the floor on a blanket for twelve hours. Plaintiff asserts that after twelve hours he was given a mattress for about two days. He states that around two days later he was moved to another dorm and "again placed on the floor of another over crowded dorm." Plaintiff reports that after around eight days, he filed a grievance regarding the issue and

about "being forced to wear dirty underwear and a dirty uniform[.]" He states that the response to his grievance was that jail overcrowding was non-grievable; that LMDC has no control over the number of inmates housed in the facility; and that there was a shortage of uniforms which was being addressed. Plaintiff asserts that LMDC does in fact have control over the jail population and points to a disparity between two different housing units as evidence of it.

Plaintiff also states that he has been denied indigent status even though he met the standard for it. He asserts, "This denial caused pain and suffering because I had to shower without my feet covered on a mold and mildewed floor causing athlete's foot."

Plaintiff also states, "I have attempted to retrieve my property from Louisville CCC." He reports that he has been given several different responses which contradict each other. He maintains that the property includes hygiene products and clothing items. He states, "Being denied my allowable property has added to my financial burden causing cruel and unusual punishment."

Plaintiff further maintains that he has attempted to get his "paperwork pertaining to my pretrial cases . . . ." He states that he was "denied this right by LMDC on 7/9/2018."

Plaintiff also states that he filed a grievance, "grieving the fact that I was denied medicine of which there was a history of me taking while at LMDC." He states that he requested medication for acid reflux. According to Plaintiff, "I clearly stated that I was in pain and nothing was done about it, I was continually told by the nursing staff that I could not receive even a 'tums' because there wasn't an order in the system." He continues, "All the staff had to do was look up my medical history while at this jail and see that I should be receiving treatment for acid reflux." He states that the "refusal to properly treat me and continually make me pay 8.00 over and over for the same issue amounts to deliberate indifference."

2

Plaintiff maintains, "In losing all these issues demonstrate a clear and persistent pattern of disregard for the protections granted me as a pretrial detainee . . . against cruel and unusual punishment." He also states that he has repeatedly asked Defendants Stallard and Barerra for cleaning supplies to "get rid of mold and mildew in the shower."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

3

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### *A. Conditions of confinement*

Plaintiff alleges that he had to sleep on a floor for 12 hours when he was first booked into LMDC. He states that he was later placed on the floor and filed a grievance after eight days. Plaintiff also complains that he was forced to wear dirty underwear and a dirty uniform; had to shower without his feet covered on a shower floor with mold and mildew which caused athlete's foot; and was denied his requests for cleaning supplies for mold and mildew in the shower.

The Eighth Amendment/Fourteenth Amendment[1] requires that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

In order to state a claim under the Eighth Amendment, an inmate must allege actual harm, or at least a serious risk of harm, by the condition in question. *See, e.g.*, *Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need . . . an inmate must show 'actual or imminent harm.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). Mere exposure to unsanitary conditions does not state a claim for damages unless the harm actually occurs. *Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2013 U.S. Dist.

---

[1] The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Ricki v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). At this time, the Sixth Circuit has recognized only one explicit exception to this general rule, applying it only to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee's claim of deliberate indifference to a serious medical need); *see also Walker v. Miller*, No. 18-3209, 2018 U.S. App. LEXIS 29348, at *3 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a pretrial detainee's deliberate indifference claim). Therefore, the Court concludes that the Eighth Amendment's deliberate indifference standard still applies to Plaintiff's claims regarding his medical treatment, as well as his claim regarding the conditions of his confinement.

LEXIS 14777, at *7 (S.D. Ohio, Feb. 4, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 47960 (S.D. Ohio, Apr. 2, 2013). Absent "'a severe or prolonged lack of sanitation constituting an infliction of pain within the meaning of the Eighth Amendment'" an inmate has no claim for damages based upon unsanitary living conditions. *Id*. (citation omitted). Further, Plaintiff may not recover damages for mental or emotional injury without a showing of physical injury. *See* 42 U.S.C. § 1997e(e); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) ("[A] claim of psychological injury does not reflect the deprivation of 'the minimal civilized measures of life's necessities,' that is the touchstone of a conditions-of-confinement case."); *Pryor v. Cox*, No. 97-3912, 1999 U.S. App. LEXIS 32518, at *3 (6th Cir. Dec. 13, 1999) (holding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless). Moreover, "[f]ederal courts have routinely held that dirty prison showers causing a prisoner to suffer itching, scratching, rashes, or athlete's foot are insufficiently serious to form the basis of an Eighth Amendment claim." *Huber v. McDonough*, No. 4:15CV00915, 2015 U.S. Dist. LEXIS 147611, at *5 (N.D. Ohio Oct. 30, 2015) (collecting cases).

Since Plaintiff does not allege that he suffered a physical injury from the conditions of his confinement, his claims will be dismissed for failure to state a claim upon which relief may be granted.

### B. Property

Plaintiff next alleges that he was denied his requests for the return of his property, including hygiene products and clothing, from "Louisville CCC," which the Court construes as the Louisville Community Correctional Center. He maintains that it resulted in a "financial burden causing cruel and unusual punishment."

6

The protection provided under the Cruel and Unusual Punishments Clause "protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Plaintiff's allegations concerning the deprivation of his personal property cannot be brought under the Cruel and Unusual Punishments Clause. These allegations, however, could support a Fourteenth Amendment claim for violation of the Due Process Clause. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Accordingly, Plaintiff's claims concerning the loss of his personal property must be dismissed for failure to state a claim upon which relief may be granted.

### *C. Access to legal materials*

Plaintiff further alleges that he attempted to get his "paperwork pertaining to my pretrial cases" but was denied his right to do so. The Court construes the allegations as alleging that he

7

was denied his right of access to the courts. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right, however, is not without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). Plaintiff does not allege any actual injury or prejudice to a pending legal action that he suffered.

Accordingly, Plaintiff's claim that he was denied access to the courts will be dismissed for failure to state a claim upon which relief may be granted.

### D. *Medical treatment*

To establish an Eighth Amendment/Fourteenth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. at 835 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). "A serious medical need is 'one that has been diagnosed by a

physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 837-47).

Plaintiff states he was "in pain" and "continually" asked the nursing staff if he could receive medication for acid reflux but was denied medication. The Court finds that Plaintiff's vague allegation that he was in pain due to acid reflex is not sufficient to establish a serious medical need to meet the objective standard of a deliberate indifference claim. *See Fox v. Rodgers*, NO. 08-CV-14727, 2010 U.S. Dist. LEXIS 63094, at *7 (E.D. Mich. June 8, 2010) (finding that plaintiff complaints of acid reflux did not meet the objective standard for a deliberate indifference claim), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 63112 (E.D. Mich., June 25, 2010); *Ross v. McGinnis*, No. 00-CV-275E(Sr), 2004 U.S. Dist. LEXIS 9367, at *10 (W.D.N.Y. Mar. 29, 2004) (finding that plaintiff's complaints of abdominal pain, vomiting, heartburn, constipation, and extreme body heat do not constitute a serious medical need).

Moreover, even if the Court were to find that Plaintiff's complaints of acid reflux met the objective standard, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

9

By the same token, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not give rise to a constitutional claim. *Estelle*, 429 U.S. at 105-06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude). It is evident from the complaint that Plaintiff was seen by nurses for acid reflux and that his allegations amount to a dispute over the treatment and therefore fails to state a deliberate indifference claim.

Moreover, the Court observes that Plaintiff attaches nine pages of grievance documents and action requests to his complaint. One of the grievances, dated June 27, 2018, states that he was being denied acid reflux medication and requests to be prescribed Prilosec. [R. 1-2 at p. 4]. Plaintiff also filed a letter (DN 6) to which he attaches thirteen pages of grievance documents and action requests, including a response to Plaintiff's June 27, 2018 grievance [R. 6-1 at p. 3]. LMDC personnel responded, "You saw the provider on 7/2/18 and were prescribed Prilosec." There is no indication in the grievances attached to the complaint or to Plaintiff's letter that he appealed the response or that he disputes that he received a prescription for Prilosec. Therefore, the Court concludes that Plaintiff is now receiving the treatment he sought.

Moreover, to the extent that Plaintiff seeks to allege a separate claim based on being charged an $8.00 fee for medical appointments, charging inmates a co-pay for medical services does not give rise to a constitutional claim. *Bailey v. Carter*, 15 F. App'x 245, 249 (6th Cir. 2001) (holding that charging inmates a per diem or co-pay fees does not violate the Fifth Amendment because the inmates receive services, such as medical care, in exchange for the fees).

For these reasons, Plaintiff's claims concerning the denial of treatment for acid reflux must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Because the complaint fails to state a constitutional violation, the claims will be dismissed against all Defendants in their individual and/or official capacities. Accordingly, the Court will dismiss the action by separate Order.

Date: January 3, 2019

Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
A958.010